UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DeJuan Tony Lowe,

          Petitioner,           Case No. 1:18-cv-258

v.                                Honorable Paul L. Maloney

Ron Neal,

          Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After

undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I.  Factual Allegations

Petitioner DeJuan Tony Lowe is incarcerated with the Indiana Department of Correction at Indiana State Prison. In 2003, he was involved in a crime spree in Michigan and Indiana. According to his offender profile on the Michigan Department of Corrections website, he entered guilty pleas in 2004 in two different Michigan courts, covering a total of twenty-six counts under Michigan law. The offenses to which he pled guilty included armed robbery, home invasion, and carrying a firearm during the commission of a felony (felony-firearm). On February 20, 2004, the Cass County Circuit Court sentenced him to 25 to 50 years' imprisonment for several armed-robbery convictions, 12 to 20 years for several home-invasion convictions, and two years for multiple felony-firearm convictions. On May 10, 2004, the Berrien County Circuit Court sentenced him to 23 to 70 years' imprisonment for two armed-robbery convictions, 13 to 20 years for a conviction of home invasion, and two years for a felony-firearm conviction. Petitioner did not appeal his Michigan sentences or convictions.

In 2007, Petitioner pled guilty to several counts of burglary and attempted burglary in St. Joseph County, Indiana, under a plea agreement that promised that his Indiana sentences would be served concurrently with his sentences in Michigan.

2

(ECF No. 1-1, PageID.72.) The court in Indiana sentenced him to 45 years' imprisonment for one of his burglary convictions, and 20 years for his other convictions under Indiana law.

According to correspondence attached to the petition, Indiana law does not permit a court to allow a prisoner to serve a sentence in Indiana concurrently with a prior sentence issued in another state. (*Id.* at PageID.59.) In contrast, Michigan law permits sentences from two different states to be served concurrently. In order to abide by the promises in Petitioner's plea agreement, the prosecutor in Indiana arranged for Petitioner to serve his Indiana sentences first. His time served in Indiana would then be counted toward his sentences in Michigan. To effectuate this arrangement, on June 5, 2007, the Michigan prosecutor and Petitioner's attorney in Michigan entered a stipulation in Cass County Circuit Court that Petitioner would begin the incarceration for his Michigan sentences in Indiana, and would continue his incarceration in Michigan upon the completion of his sentences in Indiana. (*Id.* at PageID.22.)

Petitioner filed a motion to strike the stipulation in Cass County Circuity Court in January 2017. (*Id.* at PageID.36.) The court denied the motion on June 26, 2017. (*Id.* at PageID.55.) Petitioner did not appeal that decision.

In his habeas petition, Petitioner claims that the stipulation deprived him of his right to due process under the Fourteenth Amendment because it was entered without his knowledge and without a hearing at which he could be present to present

3

objections. He contends that the stipulation is improper because the state court lacked jurisdiction to modify his sentence.

Under Sixth Circuit precedent, a habeas application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on March 6, 2018. (Pet., ECF No. 1, PageID.14.) The petition was received by the Court on March 12. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner did not appeal his convictions to the Michigan Court of Appeals.  Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added). Under the rules in effect at the time, Petitioner had one year from dates of the judgments of conviction to file delayed applications for leave to appeal in the Michigan Court of Appeals.  In other words, he had until sometime in 2005 to appeal

his convictions. He did not do so. Obviously he filed more than one year after the period of limitations began to run.

The only other subsection of § 2254(d)(1) that potentially applies to Petitioner's application is 2254(d)(1)(D), which provides that the period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* Petitioner does not clearly indicate when he discovered the factual predicate of his claim. In other words, he does not indicate when he discovered that the stipulation was entered in his case.

In his habeas petition, Petitioner asserts that he was not aware that his rights had been violated until he received his attorney client file in or on "6-09," which suggests that he was aware of the issue in 2009. (*See* ECF No. 1, PageID.13.) In addition, he apparently wrote his appellate attorney about the issue in 2011, because the attachments to his petition include a letter from his trial attorney indicating that Petitioner should consult an appellate attorney about issues that Petitioner had raised. (ECF No. 1-1, PageID.73.) Petitioner did not file this action until 2018, more than a year after these dates. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed a motion to strike in 2017. Assuming that his motion is one

6

that could toll the statute of limitations, it did not toll the statute of limitations in his case. The statute of limitations had already expired by 2017. The statutory tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral motions can no longer serve to avoid a statute of limitations. *Id.* Thus, Petitioner is not entitled to statutory tolling of the limitations period.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the legal basis for his claims, or of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may

8

consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent. Accordingly, he is not excused from the statute of limitations under the rule in *McQuiggin*. His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III. Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated:  April 24, 2018                          /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right

of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).