UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DeJuan Tony Lowe, | ) | |
|     Petitioner, | ) | |
| | ) | No. 1:18-cv-258 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| Ron Neal, | ) | |
|     Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 12, 2018, Petitioner DeJuan Lowe filed a Petition under 28 U.S.C. § 2254, seeking relief from his convictions arising out of several home-invasion and felony-firearm charges. (ECF No. 1.) The magistrate judge performed an initial screening and determined that Lowe's petition is time-barred, and that petitioner had not satisfied either equitable tolling or actual innocence. Now before the Court is Petitioner's objection, styled as a "Petition for Relief of Being Time-Barred."

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not

provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Here, Petitioner acknowledges that his Petition is untimely under either statute of limitations provided by 28 U.S.C. § 2244(d)(1) or § 2254(d)(1)(D). However, he suggests that since he has raised an alleged jurisdictional defect in his state court proceedings, his sentence is void, and he should be excused from the statute of limitations.

Petitioner cites no law for the proposition that state-law jurisdictional defects excuse the statute of limitations in habeas corpus proceedings.[1] Moreover, the Petition suggests that Plaintiff has been aware of the alleged defect since 2011, and he has not explained why this petition was not filed until 2018.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A

---

[1] Petitioner does cite *Basso v. Utah Light & Power Co.*, 495 F.2d 906 (10th Cir. 1974). There, the Tenth Circuit held that the absence of federal diversity jurisdiction could be raised on appeal, even though the defendant had acquiesced to jurisdiction and a final judgment had entered in the district court. *Id.* at 911. It has no bearing on this action.

petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. Petitioner has not demonstrated that he is entitled to equitable tolling in this matter.

Next, in *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). But actual innocence means "factual innocence." Petitioner has made no claim that he is factually innocent of his convictions because he alleges only a legal defect that arose after his conviction became final. Thus, *McQuiggin* cannot provide him relief from the statute of limitations either.

Accordingly, Petitioner can meet neither of the exceptions to the statute of limitations for petitions under § 2254. Therefore, the Court **OVERRULES** Petitioner's objections (ECF No. 3) and **ADOPTS** the Magistrate Judge's Report and Recommendation as the Opinion of the Court. (ECF No. 2.) The Petition (ECF No. 1) is **DENIED.** The Court will enter judgment separately.

**IT IS SO ORDERED.**

<u>Certificate of Appealability</u>

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists would not conclude that this Court's denial of Petitioner's claims is debatable or wrong. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

**Date:** March 20, 2019                                              /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                  United States District Judge